IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:09-CV-447

| | |
|---|---|
| INSIDEOUT CHAMPIONS SERIES LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| RHEIN PALISADES, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff INSIDEOUT CHAMPIONS SERIES LLC, by and through its undersigned attorneys, for its complaint against Defendant RHEIN PALISADES, LLC, alleges and avers as follows:

## NATURE OF THIS ACTION

1. This is an action seeking compensatory damages and injunctive relief for Defendant's repeated and continuing material breaches of an agreement and contract between the parties hereto.

## PARTIES

2. Plaintiff InsideOut Champions Series LLC ("ICS" or "Plaintiff") is a limited liability company organized and existing under the laws of the State of Delaware and having its principal place of business located in the Southern District of New York at 401 Lafayette, Suite 600, New York, NY 10003. Plaintiff is affiliated with InsideOut Sports & Entertainment, LLC, a New York, New York based independent event producer established in 2004 ("InsideOut Sports").

3. Defendant Rhein Palisades, LLC ("Rhein" or "Defendant") is, upon information and belief, a limited liability company organized and existing under the laws of the State of North Carolina with its principal business headquarters located at 7400 Carmel Executive Park, Suite 205, Charlotte, NC 28226 in the Western District of North Carolina.

4. Plaintiff is the owner, creator and developer of the Outback Champions Series. Founded in 2005, the Outback Champions Series features some of the most successful and well-known professionals in the sport of tennis, including Andre Agassi, Pete Sampras, John McEnroe, Jim Courier and other famous players. To be eligible to compete in the Outback Champions Series, players must meet a strict criteria which includes having reached at least a major singles final, been ranked in the top five tennis players in the world or have played singles on a championship Davis Cup team.

5. Plaintiff organizes and puts on several tennis tournaments in various selected markets and locations each year where the players compete in fan friendly formats with a champion crowned on the last day of each event.

6. Outback Champions Series tournaments run over a minimum of three days featuring Champion players in each event. The tournaments feature prize money of a minimum of $145,000 as well as the award of Champions Series points which determine year-end rankings for participants.

7. Upon information and belief, Defendant is engaged, directly and through its affiliates and agents, in the business of residential real estate and resort development in North Carolina.

8. Upon information and belief, Defendant is the developer of a real estate project encompassing a complex including new custom homes, custom home sites and sports facilities located near Charlotte, North Carolina called the Palisades ("Palisades").

9. Included on the grounds of the Palisades are tennis facilities including a tennis tournament facility called the Tim Wilkison Signature Sports Complex suitable for allowing the hosting of tennis tournament play, including an area where Plaintiff annually builds out a temporary stadium surrounding and incorporating the Tim Wilkison Signature Sports complex and adds other facilities allowing for attendance by tennis fans of the Outback Champions Series tournaments ("Tennis Stadium").

10. Upon information and belief, Defendant uses and benefits financially from the annual Outback Champions Series tournament at the Tennis Stadium in part as a marketing tool to assist its sale of real estate and homes in the Palisades and to otherwise generate knowledge of and interest in the Palisades in the public.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

12. Venue is proper in this District pursuant to 28 U.S.C. §§1391(a) (1) and (2) in that Defendant resides in this judicial district and a substantial part of the events and omissions giving rise to the claims in this action occurred in this judicial district.

# FACTS MATERIAL TO ALL CAUSES OF ACTION

A. *The Initial Agreement to Sponsor Outback Champions Series at the Palisades*

13. In or about 2005 Plaintiff and Defendant began negotiations concerning Defendant's sponsorship of annual tennis tournaments on the Outback Champions Series to be held at the Tennis Stadium at the Palisades.

14. In or about January 2006 the parties entered into a written agreement (the "Initial Agreement") pursuant to which Defendant agreed to become the Presenting Sponsor of an annual Outback Champions Series tennis tournament to be held at the Palisades in each of years 2006, 2007 and 2008.

15. Pursuant to the terms of the Initial Agreement Plaintiff was responsible for securing the celebrity tennis players, providing all production services for the event including the construction of a temporary tennis stadium, including ticketing and sales, developing the public relations and marketing for the event and paying the prize money and other expenses of the celebrity tennis players, among other responsibilities.

16. Pursuant to the Initial Agreement Defendant was responsible for securing and providing the site at the Palisades for the annual tournaments, including making parking space available for fans attending the events and allowing access onto the Palisades property to those members of the public attending, among other responsibilities.

17. Defendant unconditionally agreed pursuant to the terms of the Initial Agreement to pay to Plaintiff an annual Presenting Sponsorship Amount ("Sponsorship Fee") for each of the three years covered by the Initial Agreement. The amount of the

Sponsorship Fee was $300,000; $315,000; and $330,750 for years 2006, 2007 and 2008 respectively.

18. Pursuant to the Initial Agreement the annual tournaments were to be held in or about September of each year. In September 2006 the Outback Champions Series conducted a successful tennis tournament at the Palisades in accordance with the Initial Agreement.

**B. The Parties Agree to Extend the Initial Agreement for an Additional Three Years**

19. Following the successful 2006 Outback Champions Series tournament at the Palisades, Plaintiff and Defendant (at the request of Defendant) entered into further negotiations for the purpose of extending the Initial Agreement to cover future Outback Champions Series tennis tournaments to be held at the Palisades in which Defendant would continue as the Presenting Sponsor.

20. In or about July 2007 Plaintiff and Defendant entered into a written amended and restated agreement entitled Champions at the Palisades Tournament Agreement (the "Agreement") which extended the Initial Agreement and provided that Defendant would continue as Presenting Sponsor of the annual Outback Champions Series tennis tournaments to be held at the Palisades through and including each of years 2009, 2010 and 2011.

21. Pursuant to the Agreement Defendant unconditionally agreed to be the Presenting Sponsor for the Outback Champions Series to be held at the Palisades for each of the years 2007, 2008, 2009, 2010 and 2011.

22. Pursuant to the Agreement Defendant unconditionally agreed to secure and provide the Tim Wilkison Signature Sports Complex and surrounding areas for build out of the Tennis Stadium and to provide and make available space and lots at the Palisades for parking for fans at the Palisades and to provide the identical services as set forth in the Initial Agreement and as were provided for the 2006 event for the Outback Champions Series for each of years 2007 through 2011.

23. Pursuant to the Agreement Defendant unconditionally agreed to make and pay the Sponsorship Fee to Plaintiff for each of years 2007 through 2011.

24. Pursuant to the Agreement the Sponsorship Fee payable by Defendant to Plaintiff was $330,750 for the year 2008; $347,288 for the year 2009; $364,652 for the year 2010; and $382,885 for the year 2011.

25. In September 2006, September 2007 and in September 2008 the Outback Champions Series conducted successful tennis tournaments at the Palisades in accordance with the Agreement with the exception that Defendant failed to pay the full amount of the Sponsorship Fee due and owing to Plaintiff for the year 2008 tournament and said amount of unpaid Sponsorship Fee remains due and owing to Plaintiff.

**C.** *Defendant's Material Breaches and Anticipatory Breaches of the Agreement*

26. Pursuant to the Agreement Defendant is required to pay the Sponsorship Fee in installments commencing six months prior to the annual tournament.

27. With respect to the Sponsorship Fee for 2009, the first third was due and payable from Defendant on or about March 26, 2009; the second third was due and payable from Defendant on or about June 26, 2009; and the balance was due and payable

from Defendant on September 23, 2009, the day immediately prior to the commencement of the 2009 tournament at the Palisades.

28. As of the date of this Complaint, Defendant has failed and refused, despite repeated requests from Plaintiff, to pay any amount of the 2009 Sponsorship Fee.

29. Despite Plaintiff's repeated requests to Defendant to pay the 2009 Sponsorship Fee which it is lawfully and unconditionally obligated to pay to Plaintiff Defendant has continued to refuse to pay any amounts of the 2009 Sponsorship Fee.

30. From September 24 through September 27, 2009, and despite Defendant's wrongful failure and refusal to pay the Sponsorship Fee, Plaintiff performed all of its contractual obligations under the Agreement and the Outback Champions Series tennis tournament at the Palisades successfully took place. Despite its failure to pay the Sponsorship Fee, Defendant received and accepted and was provided by Plaintiff with all benefits pursuant to the Agreement and otherwise as the Presenting Sponsor of the event.

31. Pursuant to the Agreement there are still remaining two additional Outback Champions Series tennis tournaments at the Palisades which are scheduled and committed to by the parties, for September 2010 and September 2011.

32. In light of Defendant's existing and uncured breaches of the Agreement Plaintiff has demanded that Defendant, in addition to immediately curing its outstanding payment defaults, withdraw any and all threatened anticipatory breaches of the Agreement with respect to the future tournaments and confirm its intention and ability to perform in full all of its existing and future obligations under the Agreement, including making all payments of Sponsorship Fee.

33. Defendant has failed to withdraw the threat of anticipatory breaches of the Agreement or to provide any confirmation or security to Plaintiff with respect to Defendant's continuing obligations under the Agreement with respect to the 2010 and 2011 Outback Champions Series tournament scheduled for the Palisades.

## FIRST CAUSE OF ACTION
### (Breach of Contract for Failure to Pay 2009 Sponsorship Fee)

34. Plaintiff incorporates and repeats the allegations contained in paragraphs 1 through 33 of this Complaint in this paragraph 35 of the Complaint.

35. The Agreement was and is a valid and legally binding contract enforceable against Defendant in accordance with its terms.

36. Plaintiff fully, properly and timely performed all of its obligations as set forth and required under the Agreement.

37. Defendant has materially breached the Agreement and its lawful obligations under the Agreement by failing and refusing to pay the Sponsorship Fee to Plaintiff with respect to 2009 in the principal agreed amount of $347,288.

38. Plaintiff has been harmed by Defendant's breaches of the Agreement and is entitled to compensatory monetary damages against Defendant.

## SECOND CAUSE OF ACTION
### (Breach of Contract for Failure to Pay in Full 2008 Sponsorship Fee)

39. Plaintiff incorporates and repeats the allegations contained in paragraphs 1 through 38 of this Complaint in this paragraph 40 of the Complaint.

40. The Agreement was and is a valid and legally binding contract enforceable against Defendant in accordance with its terms.

41. Plaintiff fully, properly and timely performed all of its obligations as set forth and required under the Agreement.

42. Defendant has materially breached the Agreement and its lawful obligations under the Agreement by failing and refusing to pay the Sponsorship Fee in full to Plaintiff with respect to 2008 in an amount to be determined at trial but in the amount of at least $10,250..

43. Plaintiff has been harmed by Defendant's breaches of the Agreement and is entitled to compensatory monetary damages against Defendant.

### THIRD CAUSE OF ACTION
**(Breach and Anticipatory Breach of Contract Regarding Future Performance)**

44. Plaintiff incorporates and repeats the allegations contained in paragraphs 1 through 43 of this Complaint in this paragraph 45 of the Complaint.

45. Pursuant to the Agreement Defendant continues to owe future performance to Plaintiff, including the payment of Sponsorship Fee amounts with respect to Outback Champions Series tournaments scheduled for the Palisades in 2010 and 2011.

46. Defendant has breached and/or anticipatorily breached its contractual obligations and duties to Plaintiff under the Agreement with respect to future performance for the 2010 and 2011 tournaments.

47. Plaintiff has been financially harmed and placed in great uncertainty concerning its business and the future conduct of the Outback Champions Series by Defendant's breaches and/or anticipatory breaches of the Agreement.

48. Plaintiff is entitled to compensatory and other relief against Defendant, including an award of monetary damages, as well as an order directing Defendant to provide specific performance to Plaintiff under the Agreement with respect to making the

Tim Wilkison Signature Sports Complex and surrounding areas in the Palisades available to Plaintiff, and to permit the building out of the Tennis Stadium and to make available parking and other facilities to Plaintiff in order to allow Plaintiff to conduct and put on the Outback Champions Series tournaments for 2010 and 2011 and injunctive relief so providing for allowance of the 2010 and 2011 events by Plaintiff as a consequence of Defendant's breaches and anticipatory breaches of the Agreement.

### FOURTH CAUSE OF ACTION
**(Quantum Meruit and Unjust Enrichment)**

49.     Plaintiff incorporates and repeats the allegations contained in paragraphs 1 through 48 of this Complaint in this paragraph 50 of the Complaint.

50.     In the alternative and only to the extent that a valid and enforceable contract and agreement between the parties hereto is determined not to be in existence, Plaintiff is nevertheless entitled to relief against and compensation and monetary damages from Defendant.

51.     Plaintiff conferred benefits upon Defendant during 2009 by reason of the Plaintiff's carrying forward with and performing all of its duties and obligations to Defendant pursuant to the terms of the Agreement with respect to the 2009 Outback Champions Series tennis tournament at the Palisades in September 2009.

52.     Defendant was aware of the work and services being performed and provided to it and on its behalf by Plaintiff throughout 2009 and in particular in September 2009 when the 2009 Outback Champions Series tennis tournament was put on by Plaintiff at the Tennis Stadium on the premises of the Palisades and where Defendant continued to be identified as the Presenting Sponsor thereof to the public.

53. Defendant accepted the benefits of all services and work provided and performed on their behalf by Plaintiff during 2009 and in connection with the 2009 Outback Champions Series tennis tournament under circumstances which would make it inequitable and unjust for Defendant to retain the benefit of said work and services without payment of their full value.

54. Plaintiff had a reasonable right to expect compensation for the work and services provided by it to Defendant during 2009 based the existence of the Agreement and Defendant's cooperation and support in putting on the 2009 Outback Champions tennis tournament at the palisades in September 2009.

55. Plaintiff is entitled to money damages from Defendant for the unpaid value of work and services provided to Defendants during 2009.

56. The value of the unpaid work and services is the amount sought in this complaint with respect to the Agreement.

57. To date Defendant has failed to pay and have been unjustly enriched by retaining work and services valued in the amounts immediately set forth above.

58. Plaintiff should be awarded an amount of monetary damages sufficient to compensate Plaintiff for its unpaid work and services provided to Defendant and the benefits conferred by Plaintiff on Defendant in an amount to be determined at trial but in no event less than $347,288.

## JURY TRIAL DEMAND

Plaintiff hereby demands that the trial of this action be by jury.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. With respect to the First Cause of Action an award of money damages in the principal amount of $347,288 plus interest thereon at the legal rate from the payment due dates for the 2009 Sponsorship Fee;

B. With respect to the Second Cause of Action an award of money damages in the principal amount to be determined at trial but in an amount of at least $10,250 plus interest thereon at the legal rate from the payment due date of the 2008 Sponsorship Fee;

C. With respect to the Third Cause of Action an award of money damages in an amount to be determined in this action but not less than the aggregate amount of the 2010 and 2011 Sponsorship Payment Amounts, or $747,537; and an award of specific performance under the Agreement and/or injunctive relief requiring Defendant to fully perform its future obligations under the Agreement to the extent necessary to allow Plaintiff to conduct and put on the Outback Champions Series tennis tournaments at the Palisades in 2010 and 2011, including, allowing full access by Plaintiff, players and fans to the Palisades and to the Tim Wilkison Sports Complex and surrounding areas at the Palisades, and to allow for the build-out by Plaintiff of the Tennis Stadium for such events, and to provide space and lots for parking by the public at the Palisades for such events, and to reasonably cooperate with Plaintiff to allow such tournaments to occur as contemplated and agreed under the Agreement;

D. With respect to the Fourth Cause of Action an award of money damages in an amount to be determined at trial but in an amount of no less than $347,288;

E.     With respect to the all Causes of Action an award of money damages in an amount equal to all costs, losses and consequential expenses proximately caused by Defendant's breaches and future breaches of the Agreement;

F.     That Plaintiff be awarded pre-judgment and post-judgment interest;

G.     That Plaintiff be awarded reasonable attorneys fees and the costs of this suit pursuant to the Court's plenary and discretionary authority; and

H.     Such other and further relief as this Court deems just and proper.

This the 19th day of October, 2009.

> NORTON & ASSOCIATES, LLC
>
> By:     /s/ Michael E. Norton
> Michael E. Norton
> New York Federal Bar No. MN1796
> 317 Madison Avenue, Suite 415
> New York, NY 10176-2701
> Telephone: (212) 297-0100
> Facsimile: (212) 376-0608
> E-mail: mn@nortonlawassociates.com
> (Admission *Pro Hac Vice* Pending)
>
> SMITH ANDERSON BLOUNT DORSETT
>     MITCHELL & JERNIGAN, L.L.P.
>
> By:     /s/ Wayne K. Maiorano
> Wayne K. Maiorano
> North Carolina State Bar No. 25705
> Post Office Box 2611
> Raleigh, North Carolina 27602
> Telephone:  (919) 821-1220
> Facsimile:   (919)821-6800
> E-mail: wmaiorano@smithlaw.com
> LR. 83.1 Counsel
>
> Attorneys for the Plaintiff,
> InsideOut Champions Series LLC